Entered: April 16th, 2021
Signed: April 16th, 2021



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.   20-15292 |
| Ryan J. Loughlin, | * | Chapter   7 |
| Debtor | * | |

* * * * * * * * * * * * *

### MEMORANDUM OF DECISION

Maryland's homestead exemption allows a debtor in a bankruptcy proceeding to exempt a portion of an interest in "owner-occupied residential real property." The Debtor Ryan Loughlin claims a homestead exemption in his residence that is titled in a revocable trust he settled and controls. He also asserts an exemption in personal property as tools-of-the-trade. 21st Century Mortgage Corp. ("21st Century"), a creditor, joined by Gary Rosen, the Chapter 7 trustee, objects to the Debtor's homestead exemption, contending the residence is not "owner-occupied." ECF 25, 26. 21st Century, but not the Chapter 7 trustee, also objects to the tools-of-the-trade exemption. For the following reasons, the court will overrule the objections and allow both exemptions.

### Statement of Jurisdiction

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a), and United States District Court Local Rule 402. This proceeding is a "core proceeding" under 28 U.S.C. §157(b)(2).

1

**Findings of Fact**

The Debtor filed a voluntary petition under Chapter 7 on May 17, 2020, and timely filed Schedules A-J.  ECF 15.  Under item 1 on Schedule A/B, he listed an interest in real property located at 10806 Howard Terrace, Beltsville, MD 20705 (the "Property"), and stated it is owned fifty percent (50%) by the Ryan John Loughlin Revocable Trust (the "Trust") and fifty percent (50%) with the Debtor's ex-wife, Lori Loughlin, as tenants in common.  *Id*. at 3.  Under item 25, "Trusts, equitable and future interests in property," he disclosed his interest in the Trust.  *Id*. at 8.  On his list of exemptions on Schedule C, the Debtor claimed an exemption of $25,150.00 for his interest in the Property pursuant to Md. Code Ann., Cts. & Jud. Proc. §11-504(f)(1)(i)(2) (the "Homestead Exemption").

The Debtor listed the value of the Property as $447,628.  *Id*. at 3.  On Schedule D, he stated Credit Union Mortgage Association holds a first priority lien against the Property of $286,398.  *Id*. at 16.  He also listed 21st Century as holding a judgment lien of $741,143.33.  *Id*. at 14.  The Chapter 7 trustee brought an action to avoid the judgment lien as an avoidable preference because it was obtained within ninety days of the petition date.  ECF 1 in Adv. Proc. No. 20-00362.  21st Century entered into a consent order with the Chapter 7 trustee avoiding the judgment lien on January 4, 2021.  ECF 5 in Adv. Proc. No. 20-00362.  Thus, according to the record, there is meaningful equity in the Trust's 50% interest in the Property.

The Trust was created on December 20, 2013, by the Debtor, as settlor.  The Debtor is also the trustee of the Trust.  By deed dated December 5, 2015, Ryan Loughlin and Lori Loughlin transferred a 50% interest in the Property each to the Trust and Lori J. Loughlin, as tenants in common.  The Debtor has the sole right to revoke the Trust or dispose of the Property in the Trust.  ECF 26 at n. 1.

Under item 35 on Schedule A/B, the Debtor listed "Tools, Saws, Sockets, Wrenches, Drills, Air Compressor" with a value of $2,500. ECF 15 at 9. On Schedule C, he claimed the $2,500 exemption for these items pursuant to Md. Code Ann., Cts. & Jud. Proc. §11-504(b)(1) (the "Tools-of-the-Trade Exemption"). *Id*. at 13.

## Conclusions of Law

Under §522(b) of the Bankruptcy Code, a debtor is entitled to certain federal exemptions unless the state opts out and adopts its own exemptions. 11 U.S.C. §522(b). Maryland has elected to opt out of the federal exemptions. Md. Code Ann., Cts. & Jud. Proc. §11-504(g). Accordingly, whether the Debtor may claim the disputed exemptions is dictated by Maryland law.

The Maryland Constitution requires the General Assembly to pass laws "to protect from execution a reasonable amount of property of the debtor." Md. Const., Art. 3 §44. The Homestead Exemption and the Tools-of-the-Trade Exemption were passed pursuant to that mandate. "Maryland exemptions are to be construed liberally to effect the purpose for which they were enacted." *In re Gibson*, 300 B.R. 866, 869 (D. Md. 2003) (citing *In re Hurst*, 239 B.R. 89, 91 (Bankr. D. Md. 1999)). A court "must adopt a reading that avoids a constitutional conflict, if such a reading exists." *Id*. A party objecting to a claimed exemption carries the burden of proof. Fed. R. Bankr. P. 4003(c).

### *Homestead Exemption*

The Homestead Exemption is set forth in Md. Code Ann., Cts. & Jud. Proc. §11-504(f)(1)(i)(2), and applies only in bankruptcy proceedings. Cts. & Jud. Proc. §11-504(f)(1)(i). It provides:

> (f)(1)(i) In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United

3

>States Code, entitled "Bankruptcy", any individual debtor domiciled in this State may exempt the debtor's aggregate interest in:
>
><div align="center">*******</div>
>
>2. Subject to subparagraph (ii) of this paragraph:
>>A. Owner-occupied residential real property, including a condominium unit or a manufactured home that has been converted to real property in accordance with § 8B-201 of the Real Property Article; or
>>B. A cooperative housing corporation that owns property that the debtor occupies as a residence.

*Id.* at §11-504(f). The Homestead Exemption establishes limits on the amount of the exemption, how often a debtor may claim it, and the availability of the exemption between spouses in the same bankruptcy proceeding. *Id.* at §11-504(f)(1)(ii), (f)(2), (f)(3). None of these limitations are at issue.

The statute allows an "individual debtor" to exempt a certain amount of the debtor's aggregate interest in "owner-occupied residential real property." Here, the Debtor is an "individual debtor" who occupies the Property as his primary residence. As a single-family dwelling, the Property is "residential real property." The sole dispute is over the meaning of the word "owner."

21st Century, joined by the Chapter 7 trustee, equates "owner" with title or record owner, and contends the Property is not "owner-occupied" because it is titled in the Trust's name. The Debtor contends that he has equitable ownership interest in the Property as the settlor of the revocable Trust, which is sufficient to allow him to meet the requirement of "owner-occupied." The court agrees with the Debtor.

In determining the meaning of the phrase, the court keeps in mind the principle that Maryland exemptions are to be liberally construed. At the same time, the court seeks guidance from more traditional Maryland rules of statutory construction. "Statutory construction begins with the plain language of the statute, and ordinary, popular understanding of the English

<div align="center">4</div>

language dictates interpretation of its terminology." *Adventist Health Care Inc. v. Maryland Health Care Comm'n*, 896 A.2d 320, 333 n. 13 (Md. 2006). If the statutory language is unambiguous, "we apply the statute as written, and our efforts to ascertain the legislature's intent end there." *Crofton Convalescent Ctr., Inc. v. Dep't of Health & Mental Hygiene*, 991 A.2d 1257, 1266 (Md. 2010). "If, after considering the plain language [of the statutory text] in its ordinary and common sense meaning," there remain "two or more equally plausible interpretations," "the general purpose, legislative history," and other extraneous interpretative aids are examined in an effort to resolve, or clarify, the ambiguity. *Uninsured Employers' Fund v. Danner*, 882 A.2d 271, 278 (Md. 2005) (quoting *Lewis v. State*, 705 A.2d 1128, 1131 (Md. 1998)).

Here, the term "owner" is capable of more than one equally plausible interpretation. "Owner" may mean title owner, legal owner, record owner, equitable owner, or beneficial owner, among other terms. Neither the Homestead Exemption nor the general exemption statute provides a definition of "owner-occupied residential real property" or the term "owner." The legislative history of the Homestead Exemption and case law do not provide guidance on or clarification of the intended meaning of the term.

Where traditional interpretive aids are not available, the Maryland Court of Appeals directs that the dictionary definition should be the "starting point to ascertaining the Legislature's intent." *Montgomery Cty. v. Deibler*, 31 A.3d 191, 200 (Md. 2011) (quoting *Schreyer v. Chaplain*, 5 A.3d 1054, 1058 (Md. 2010)). The dictionary definition, however, is "not necessarily the end" and the court should seek "corroboration of [the] common definition (if it is to be found at all) by examining other instances in the Maryland Code when the Legislature has defined [the term]." *Id*.

The dictionary defines "owner" as "someone who has the right to possess, use, and convey something; a person in whom one or more interests are vested." Black's Law Dictionary (11th ed. 2019). By not limiting the definition of "owner" to the person who holds legal or record title, using this definition would be consistent with the purpose of the Homestead Exemption and the principle of liberal construction.

Turning to *Deibler's* direction to seek corroboration of the dictionary definition from other instances in the Maryland Code where the term is defined, the Legislature has defined "owner-occupied residential property" in at least two Code provisions.[1] Under Md. Code Ann., Real Prop. §7-105.1(a)(8), the phrase is defined as:

> "Owner-occupied residential property" means residential property in which at least one unit is occupied by an individual who:
> (i)   Has an ownership interest in the property; and
> (ii)  Uses the property as the individual's primary residence.

Md. Code Ann., Real Prop. §7-105.1(a)(8).[2] The phrase is used in the context of Maryland's loss mitigation program in foreclosure proceedings. *See e.g.*, *id.* at §7-105.1(c)(5) (requiring that various loss mitigation documents must be included with the notice of intent to foreclose sent for owner-occupied residential property.).

The Tax Property code also contains a definition of "owner-occupied residential property":

> (c) "Owner-occupied residential property" means, with respect to a property located in Baltimore City, the principal residence of a homeowner as defined in § 9-105(a)(7) of this article.

---

[1] The court concludes there is no material difference between the term "owner-occupied residential real property" as used in the Homestead Exemption, and the term "owner-occupied residential property" as used in the two statutes discussed here.

[2] The related Maryland Rule 14-202(l) provides the same definition:
> (l) Owner-Occupied Residential Property. "Owner-occupied residential property" means residential property in which at least one unit is occupied by an individual who has an ownership interest in the property and uses the property as the individual's primary residence.

6

Md. Code Ann., Tax-Prop. §14-801. The definition is included in the subtitle governing the collection of unpaid taxes. *See also* Tax-Prop. §10-204.3 (providing payment schedules for the payment of property tax). The definition requires the property to be the principal residence of a "homeowner" as defined in §9-105(a)(7):

> (7) "Homeowner" means an individual who has a legal interest in a dwelling or who is an active member of an agricultural ownership entity that has a legal interest in a dwelling.
> (8) "Legal interest" means an interest in a dwelling:
>> (i) as a sole owner;
>> (ii) as a joint tenant;
>> (iii) as a tenant in common;
>> (iv) as a tenant by the entireties;
>> (v) through membership in a cooperative;
>> (vi) under a land installment contract, as defined in § 10-101 of the Real Property Article;
>> (vii) as a holder of a life estate; or
>> (viii) *as a settlor, grantor, or beneficiary of a trust if:*
>>> *1. the settlor, grantor, or beneficiary of the trust does not pay rent or other remuneration to reside in the dwelling; and*
>>> *2. legal title to the dwelling is held in the name of the trust or in the names of the trustees for the trust.*

*Id.* at §9-105 (emphasis added). The definition in Tax-Prop. §14-801 does not limit the definition to title or record owners. Further, by including trust settlors in the definition, it is consistent with the dictionary definition of "someone who has the right to possess, use, and convey something; a person in whom one or more interests are vested." *Id.* at §14-801. The Property would meet the definition of owner-occupied residential property under Tax-Prop. §14-801 if located in Baltimore City because it is the Debtor's principal residence, is titled in the Trust's name, and the Debtor is the settlor of the Trust who does not pay rent to reside in the Property.[3]

---

[3] No party asserts the Debtor pays rent to reside in the Property, nor do the Debtor's schedules show he does so. *See* ECF 15 at 23 and 28 (Schedules G and J).

While the Tax Property definition is helpful, the definition in Md. Code Ann., Real Prop. §7-105.1(a)(8) is the more apt definition of "owner-occupied real property" for the Homestead Exemption because the Code provisions serve similar interests. The loss mitigation procedures are intended to assist the owner in retaining "owner-occupied real property" in the face of foreclosure.[4] The Homestead Exemption allows the owner to exempt a portion of the property when loss mitigation fails.

The definition requires the person to have an "ownership interest" in the real property, which readily corroborates the dictionary definition of "someone who has the right to possess, use, and convey something; a person in whom one or more interests are vested." *See supra* Black's Law Dictionary. The court therefore will require that the Debtor have a vested right to possess, use and convey the Property such that he holds an "ownership interest" in the Property to qualify for the exemption.

The court turns to the question of whether, under Maryland trust law, the Debtor, as settlor of the revocable Trust, meets this definition. Maryland has adopted the Maryland Trust Act (the "Act"), H.B. 83, 2014 Leg. Ch. 585 (Md. 2014), which applies to all trusts "created before, on, or after January 1, 2015[.]" Md. Code Ann., Est. & Trusts §14.5–1006(a)(1).[5]

The Act provides that on "revocation of a revocable trust, the trustee shall deliver the trust property as the settlor directs." *Id.* at §14.5-602. While the trust is revocable, the "rights of the beneficiaries are subject to the control of the settlor and the duties of the trustee are owed exclusively to the settlor." *Id.* at §14.5-603. During the lifetime of the settlor, "the property of a revocable trust is subject to claims of the creditors of the settlor." *Id.* at §14.5-508 (a)(1).

---

[4] *See* H.B. 1374, 2012 Leg. Ch. 156 (Md. 2012) (The legislature implemented loss mitigation procedures, among other things, "[for] the purpose of establishing a certain prefile mediation process between a secured party and a mortgagor or grantor before the commencement of a certain foreclosure action under certain circumstances . . . .).
[5] The Act does not apply in judicial proceedings commenced before January 1, 2015, Md. Code Ann., Est. & Trusts §14.5–1006(a)(3). That limitation that does not apply here.

8

Further, although not controlling, the Internal Revenue Code makes no distinction between the grantor of a revocable trust and the trust for tax purposes. The grantor is treated as the owner of the trust and must include—in computing taxable income—the income, capital gains, and deductions generated by trust property. 26 U.S.C. §§671, 676(a).[6]

Thus, the settlor of a revocable trust has the power to dispose of and receive the trust property, controls the rights of beneficiaries, and is exclusively owed the duties of the trustee. The trust property is subject to the claims of the settlor's creditors. The settlor is taxed on any income generated by trust property. These attributes establish that the Debtor holds broad and largely unfettered rights in the Property, including the right to possess, use and convey the Property, and therefore has an "ownership interest" in the Property.

The same result is reached under common law. The Act states that "[t]he common law of trusts and principles of equity supplement this title, except to the extent modified by this title or another statute of this State." Md. Code Ann., Est. & Trusts §14.5-106. In a case not governed by the Act, the Maryland Court of Special Appeals addressed a revocable trust in *Grueff v. Vito*, 145 A.3d 86, 101 (Md. Ct. Spec. App. 2016), aff'd on other grounds, 160 A.3d 592 (Md. 2017). Applying common law, the Court held that a residuary beneficiary of a revocable trust is not an "interested person" under Maryland Rule 10-712(b) and therefore cannot bring an action to remove a fiduciary under Md. Code Ann., Est. & Trusts §15-112(b). The Court also held that the residuary beneficiary lacked standing to sue for breach of fiduciary duty, negligence, breach of trust and to set aside transactions and transfers of trust property. The Court cited with approval from *Bogert's Trusts and Trustees*, which it characterized as "an authoritative guide on trusts":

---

[6] *See e.g.*, 11 U.S.C. §676(A) provides:
    The grantor shall be treated as the owner of any portion of a trust, whether or not he is treated as such owner under any other provision of this part, where at any time the power to revest in the grantor title to such portion is exercisable by the grantor or a non-adverse party, or both.

9

> In a learned treatise on trusts, the author explains that the settlor's power to revoke a trust "is, in substance, *the functional equivalent of outright ownership of the trust assets*[,]" and for that reason, "the duties of a trustee of a revocable trust are owed exclusively to the settlor[.]" *Bogert*, at § 964 (footnotes omitted). Case law from other jurisdictions supports that analysis.

*Grueff*, 145 A.3d at 101 (quoting George T. Bogert et al., *Bogert's Trusts and Trustees* §964 (2015) (emphasis added). The Court stated that during the settlor's lifetime, the plaintiff did not have a beneficial interest in the revocable trust because the trust assets were in the "complete control" of the settlor, who could revoke the trust at any time. *Id.* at 103-104.

The Restatement (Third) of Trusts is to the same effect. While a revocable trust is generally subject to various restrictions on testation and rules applicable to testamentary dispositions, "in other respects the property of such a trust is ordinarily treated as though it were owned by the settlor." Restatement (Third) of Trusts §25(2) (2003). Thus, by reference to both the common law and the Act, the settlor of a Maryland revocable trust holds the "functional equivalent of outright ownership" of trust property and has a sufficient ownership interest to be the "owner" under the Homestead Exemption.

Further, interpreting the phrase "owner-occupied" as requiring a debtor to hold legal or record title could limit the use of the exemption in ways surely not contemplated by the Legislature. In Maryland, residences are often financed by use of a deed of trust, in which the record owner transfers legal title to a trustee while retaining equitable title. *See In re Denny*, 242 B.R. 593 (Bankr. D. Md. 1999) ("In Maryland, legal title to the property is conveyed to the mortgagee under a mortgage or to the trustee(s) under a deed of trust, at the time of the delivery and recordation of the document. The borrower retains the equity of redemption and customarily there is reserved to the borrower in the document the right of possession until default."); *see also Kingsley v. Makay*, 251 A.2d 585, 587 (Md. 1969) ("It has long been

established that a purchaser of land under a contract of sale acquires, not a legal title, but an equitable title.").

Finally, the parties have cited to various bankruptcy courts from outside of Maryland that have faced the question of whether a debtor can claim a homestead exemption on real property held in a self-settled revocable trust. The cases cited by the parties, as well as other cases, go both ways, but because they do not address the issue under Maryland law, the court does not find them helpful in resolving the dispute. *See e.g., In re Edwards,* 356 B.R. 807, 810 (Bankr. M.D. Fla. 2006) ("Fee simple title of the property is not required, and an equitable or legal interest should afford protection pursuant to the provision."); *In re Kester*, 339 B.R. 749, 753 (B.A.P. 10th Cir. 2006), certified question answered sub nom. *Redmond v. Kester*, 284 Kan. 209, 159 P.3d 1004 (2007), and aff'd, 493 F.3d 1208 (10th Cir. 2007) ("It is settled law in Kansas that equitable title can support a claim of homestead exemption."); *In re Vanbuskirk*, 511 B.R. 220, 232 (Bankr. D. Mass. 2014) ("There is no hint in the statute's definition of owner that it should be narrowly construed to protect only individual beneficiaries of the title-holding trust."); *In re Weilert*, No. BAP EC-15-1144-JUDTA, 2016 WL 3771905, at *8 (B.A.P. 9th Cir. July 8, 2016) ("A life estate is also an interest in real property which gave Montremare the right to claim a homestead exemption despite legal title being held by the Madonna Trust."); *In re Luedke*, No. 20-20729-BEH, 2020 WL 4342242, at *5 (Bankr. E.D. Wis. July 28, 2020) ("The trustee apparently reads section 522(d)(1) to require that a debtor hold legal title to property, but such a narrow construction is contrary to the text of the statute—which is not limited to "legal" interests—as well as the federal policy of affording liberal construction to exemptions. The debtors' equitable ownership of the property, coupled with their present possessory interest, is sufficient under Wisconsin law to constitute an "aggregate interest" under the Code."). *But see e.g., In re Estarellas*, 338 B.R. 538, 542 (Bankr. D. Conn. 2006) ("However, the debtor, having

11

transferred by quitclaim deed her ownership of the residence, to the Trust, cannot now claim to be the owner of the residence.").

The Homestead Exemption applies only in bankruptcy proceedings. All parties agree that the Chapter 7 trustee can exercise the Debtor's power to revoke the Trust and sell or otherwise administer the Debtor's interest in the Property. Thus, the Debtor's interest in the Property, through his interest as the settlor of the Trust, will enable the Chapter 7 trustee to sell the Property for the benefit of creditors. Allowing the Debtor to assert the Homestead Exemption is consistent with the purpose and spirit of the exemption.

### ***Tools-of-the-Trade Exemption***

Md. Code Ann., Cts. & Jud. Proc. §11-504(b)(1) provides:

(b) The following items are exempt from execution on a judgment:
(1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $5,000 in value necessary for the practice of any trade or profession except those kept for sale, lease, or barter.

Cts. & Jud. Proc. §11-504(b)(1). 21st Century objects to Debtor's Tools-of-the-Trade Exemption alleging that because debtor is unemployed, his tools cannot be considered tools of a trade. The court disagrees.

The Maryland Court of Appeals addressed the Tools-of-the-Trade Exemption at length in *In re Taylor*, 537 A.2d 1179 (D. Md. 1988). On a certified question from the United States District Court for the District of Maryland on appeal from the Bankruptcy Court, the Court was asked to consider whether "large, mobile farm implements and vehicles" qualified for the exemption. *Id*. at 1180. The Court reviewed at length the history of the exemption. While noting that exemptions "ought to be liberally construed" it stated that "[d]ue consideration must be given to the purpose of granting the exemptions and the objectives to be fulfilled by the granting of them." *Id*. at 1185 and n. 5 (citations omitted). The Court concluded that the

"legislative intent is that any and all wearing apparel, books, tools, instruments, or appliances are exempt from execution on a judgment if they are *reasonably necessary* for the practice of the debtor's trade or profession." *Id*. at 1186 (emphasis in original). The Court further explained:

> The determination of what is reasonably necessary is to be resolved in the light of the particular circumstances and with due regard given the objectives of the statute. The ascertainment of what items are reasonably necessary in that frame of reference is a question of fact. It is to be decided by the trier of fact, not by us.

*Id*. The Court determined that the equipment at issue satisfied the requirements for the exemption.

Here, the Debtor owned and operated Rainbow Properties, LLC, which was in the business of renovating and reselling homes. ECF 25 at 6. Rainbow Properties had its last sale in November 2019, and became inactive. *Id*. Since that time, the Debtor has "had to go back to other houses that [he] sold in the past to do repairs." *Id*. He does the work on warranties that Rainbow Properties gave in connection with the sale. *Id*. He does not get paid for the work, but Rainbow Properties directly pays the expenses of the materials he needs to do the repairs. *Id*.

There is no dispute the tools at issue are the type of personal property that fall within the tool-of-the-trade exemption, and the debtor would be entitled to the exemption if he was fully operating his business. The dispute is whether the Debtor can continue to take the exemption now that his business is inactive. The court concludes that he can. The record does not establish that he has retired or permanently left the business of home renovation. While he is not currently being paid for the warranty work, he should not be stripped on his ability to perform that work, both to fulfill whatever contractual warranty obligations Rainbow Properties may be subject to and out of his sense of personal responsibility to stand behind his work. Should the business become more active than performing warranty work, his reputation for standing behind his work will be an important element of that recovery. As the Court stated in *Taylor*:

13

> The debtor would not be forced to give up his trade or profession by lack of necessary tools. He would be able to make a fresh start toward earning a fair living. Of course, he may not be fully restored by the exemptions granted to the position he enjoyed before his difficulties. His operations may well be substantially curtailed, and rightfully so, in the interest of his creditors. The objectives of the "tool" exemption do not reach beyond making it possible for him to start from scratch by not stripping him of all of his property and tools of his trade or profession.

537 A.2d at 1185.  The court finds the tools are reasonably necessary for the Debtor's practice of home repair and renovation, and thus will deny the objection to the exemption.

## Conclusion

For the foregoing reasons the court will overrule the objections to the Debtor's claim to the Homestead Exemption and the Tools-of-the-Trade Exemption.  The court will enter a separate order accordingly.

cc:    Debtor
       Debtor's Counsel
       Chapter 7 Trustee
       All creditors and parties in interest
       U.S. Trustee

**End of Memorandum of Decision**